IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv222

| | |
|---|---|
| JEFFREY DALE GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | *ROSEBORO* |
| Vs. ) | ORDER |
| ) | |
| USPS POSTMASTER JOHN POTTER; ) | |
| CHEISE LIPSCOMB; RUSSELL ) | |
| GARDNER; and GREG GAMBLE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on the government's Motion to Dismiss or, in the Alternative, for Summary Judgment (#16). Plaintiff is proceeding *pro se* and will be advised accordingly.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if the plaintiff has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this court in a form which would

otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by plaintiff to this court within fourteen (14) days from the date of this Order. As stated by Rule 56(e), plaintiff's failure to respond may result in the action being dismissed by way of summary judgment.

Plaintiff is also advised that defendants have moved under Rule 12(b)(1),(2), (4), (5), and (6). In pertinent part, defendants contend that this action is barred by dismissal of these claims in bankruptcy and the district court's affirmance of such determination in 1:07cv142-T and that such claims are also barred by a settlement entered into the Trustee and the Postmaster General. Plaintiff is advised that he has a right to file a written response to these arguments and other arguments contained in the government's motion and brief also within the 14 days provided.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff file and serve his response not later than November 5, 2009.

Signed: October 20, 2009

Dennis L. Howell
United States Magistrate Judge