# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:09cv222

| | | |
|---|---|---|
| JEFFREY DALE  GREGORY, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| USPS POSTMASTER JOHN POTTER; | ) | |
| CHENISE LIPSCOMB; RUSSELL | ) | |
| GARDNER; and GREG GAMBLE, | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on the government's Motion to Dismiss or, in the Alternative, for Summary Judgment (#16).  Plaintiff is proceeding *pro se* and was advised in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation to respond.  On November 5, 2009, plaintiff filed the following with the court:

(1)    "Motion [for] Summary Judgment Fraud By Defendant" (#21);

(2)    "Amendment to Case 1:09cv222" (#20);

(3)    "Response to Defendants['] Motion to Dismiss or, in the Alternative[,] for Summary Judgment/With Plaintiff[']s Substitute Motion for Summary Judgment, or In the Alternative Trial By Jury, as Well as Plaintiff[']s Response to Court[']s Roseboro Order" (#22).[1]

---

[1]    While plaintiff can now move for summary judgment at any time under Rule 56, the court simply cannot reach these motions as, for the reasons discussed below, this action is barred as a matter of law.

On December 8, 2009, the government filed its "Response to 'Plaintiff's Motion Summary Judgment Fraud by Defendant'" (#27) and Reply in Support of Federal Defendants' Motion to Dismiss or, In the Alternative, for Summary Judgment (#28).

**FINDINGS AND CONCLUSIONS**

## I.     Background

Defendants have moved to dismiss this action under Rule 12(b)(1),(2), (4), (5), and (6) of the Federal Rules of Civil Procedure.[2]   In pertinent part, defendants contend that this action is barred by dismissal of these claims in bankruptcy and the district court's concurrence in such determination in <u>Gregory v. Potter</u>, 1:07cv142 (W.D.N.C. 2007), <u>aff'd</u>,  and that such claims are also barred by a settlement entered into between the Trustee and the Postmaster General.   In relevant part, the district court held in the earlier action that

> the Trustee is the real party in interest with exclusive standing to assert claims that are property of the bankruptcy estate and, therefore, the action should be dismissed.

<u>Id.</u>, Memorandum and Order, at 6.   In affirming the district court's dismissal of plaintiff's action with prejudice, <u>id.</u>, the Court of Appeals for the Fourth Circuit held, as follows:

> Jeffrey D. Gregory appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his employment discrimination complaint based on his lack of standing to pursue this action, which—due to his filing of a petition in bankruptcy—belongs to his bankruptcy estate. *See Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997). We have reviewed the record and find no reversible

---

[2]      The government has also moved for summary judgment in the alternative, which need not be reached as this action is barred.

error. We note, however, that while Gregory does have standing to pursue his claim that he was required to wear a training badge in February 2007—after the date of the filing of his bankruptcy petition—he cannot state a claim on which relief could be granted on this issue. *See Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993). Accordingly, we affirm substantially for the reasons stated by the district court. *Gregory v. Potter*, No. 1:07-cv-00142-LHT-DLH (W.D.N.C. Dec. 6, 2007).

Gregory v. Potter, No. 08-1110 (4th Cir. April 29, 2008). Thus, the court's threshold determination is whether this action, which alleges nearly identical claims to those previously dismissed, is barred by the doctrine of *res judicata*.

## II.     Procedural History

On January 31, 2007, plaintiff and his wife filed a petition for Chapter 7 bankruptcy, In Re: Gregory, No. 07-40065. As determined in the previous action, all claims by plaintiff or his wife arising prior to the date of the bankruptcy petition were property of the bankruptcy estate. On April 16, 2007, and without leave of the Trustee or the bankruptcy court, plaintiff filed a complaint in this court, Gregory v. Potter, 1:07cv142 (W.D.N.C. 2007). In that action, plaintiff asserted claims related to adverse employment decision made by the United States Postal Service. In a letter dated July 6, 2007, sent directly to the court, plaintiff asserted that his "rights under Title 39, 5 and 42 have been violated" by such defendants' actions. As discussed above, the district court dismissed plaintiff's first Complaint with prejudice on December 6, 2007.

As with the claims asserted in the first Complaint, the claims asserted by plaintiff in this action also arose prior to the filing of the January 31, 2007, bankruptcy petition. The claims in this action seek to challenge the same employment

decision that was challenged in the first action. In this action, plaintiff has again alleged violations of Titles 5, 39 and 42, of the United States Code.

## III.  *Res Judicata*

Among other reasons,[3] defendants have moved to dismiss this action as barred by the doctrine of *res judicata*, inasmuch as this court has already considered and disposed of plaintiff's claims.

The doctrine of *res judicata,* or claim preclusion, holds that once a claim has been litigated and resolved, it may not be reasserted elsewhere. It bars attempts to relitigate or restate claims that have been resolved in another court proceeding, even where that claim is reasserted or repackaged as a different claim. HMK Corp. v. Walsey, 637 F. Supp. 710, 716-18 (E.D. Va. 1986), aff'd, 828 F.2d 1071 (4th Cir. 1987), cert. denied, 484 U.S. 1009 (1988).

Under Martin v. American Bancorporation Retirement Plan, 407 F.3d 643, 650 (4th Cir. 2005), *res judicata* applies where there is a final judgment on the merits of the claim in a prior suit, there is an identity of the cause of action in both suits, and there is an identity of the parties. Id. The Memorandum and Order of the district court in the previous action satisfies the first requirement under Harnett v. Billman, 800 F.2d 1308, 1312 (4th Cir. 1986), the claims in the previous action and in this action are all based on the same alleged wrongful occurrence, id., at 1314, and all the parties (or their privies) are present in this action.

---

[3]     The government has also shown accord and satisfaction inasmuch as plaintiff through the trust settled all claims related to the complained of employment action and has further shown that plaintiff has failed to effect proper service over the government.

The Court of Appeals for the Fourth Circuit made it clear that a prior judicial determination

> extinguishes any claims that might have been raised in that litigation and that are, for res judicata purposes, the same claims as those advanced in the earlier case. Res judicata precludes the litigation by the plaintiff in a subsequent action of claims "with respect to all or any part of the transaction, or series of connected transactions, out of which the [first] action arose."

Id. (citation omitted). As can be seen by a comparison of the complaints in these actions, plaintiff has simply reasserted the same claims based on the same alleged adverse employment decision. While there are new individual federal defendants in this action, suits against individual federal employees for acts in their official capacity are, *eo nominee*, suits against the United States. 28 U.S.C. § 2679(b). Thus, the difference in named individual defendants is without substance. Res judicata stands in bar to this action, and the undersigned will respectfully recommend that this action be dismissed with prejudice.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the government's Motion to Dismiss or, in the Alternative, for Summary Judgment (#16) be **ALLOWED** and that this action be **DISMISSED** with prejudice as barred by the doctrine of *res judicata*. It is further recommended that all other motions of record be **DENIED** as moot as a matter of housekeeping.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: December 14, 2009

Dennis L. Howell
United States Magistrate Judge