# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv222

| | |
|---|---|
| JEFFREY DALE GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| USPS POSTMASTER JOHN ) | |
| POTTER; CHENISE LIPSCOMB; ) | |
| RUSSELL GARDNER; and ) | |
| GREG GAMBLE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation [Doc. 29], regarding the following motions:

(1) Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 16];

(2) Plaintiff's "Amendment to Case 1:09cv222" [Doc. 20]; and

(3) Plaintiff's "Motion [for] Summary Judgment Fraud By Defendant" [Doc. 21].

Also pending before the Court are the following pleadings/motions filed by the Plaintiff:

(1) "Request for Entry of Default" [Doc. 18];

(2) "Motion for Default Judgment" [Doc. 19];

(3) "Motion to Strike or Dismiss and Summary Judgment" [Doc. 32];

(4) "Motion to Void/Null/Moot Settlements or Agreements by United States Department of Justice" [Doc. 33];

(5) "Request for Clarification" [Doc. 34];

(6) "Amendment to Case 1:09CV222" [Doc. 35];

(7) "Motion for Reconsideration Strike Response by Defendant" [Doc. 36]; and

(8) "Motion for Summary Judgment" [Doc. 41].

## I. PROCEDURAL BACKGROUND

The Plaintiff initiated this action on June 16, 2009, by a filing a lengthy *pro se* Complaint against the United States Postal Service Postmaster General John Potter, Chenise Lipscomb, Russell Gardner, and Greg Gamble. [Doc. 1]. On October 19, 2009, the Defendants filed a motion to dismiss [Doc. 16], arguing that the claims asserted in this action are barred by the prior dismissal of the Plaintiff's claims in Gregory v.

Potter, Civil Case No. 1:07cv142. In that case, the Plaintiff asserted claims under Titles 5, 39, and 42 of the United States Code for wrongful termination, harassment, and retaliation against Postmaster John Potter, Daniel T. Pierce, Jonie Blanton, David Mills, and David Van Norstrand. This Court held the claims asserted in the Plaintiff's complaint arose before his January 2007 bankruptcy petition and therefore should be considered part of the bankruptcy estate. [Civil Case No. 1:07cv142, Doc. 25 at 2]. As such, this Court concluded, "the Trustee is the real party in interest with exclusive standing to assert claims that are property of the bankruptcy estate and, therefore, the action should be dismissed." [Id. at 6]. The Court of Appeals for the Fourth Circuit affirmed the dismissal of the Plaintiff's action with prejudice. Gregory v. Potter, 275 F. App'x 255, 256 (4th Cir. Apr. 29, 2008).

In the present action, the Plaintiff again asserts claims which arose prior to the filing of his January 2007 bankruptcy petition. These claims seek to challenge the same employment decision that he attempted to challenge in his first action. The Plaintiff again alleges violations of Titles 5, 39, and 42 of the United States Code. [See Complaint, Doc. 1].

The Magistrate Judge recommended dismissal of the Plaintiff's Complaint with prejudice, reasoning as follows:

> As can be seen by a comparison of the complaints in these actions, plaintiff has simply reasserted the same claims based on the same alleged adverse employment decision. While there are new individual federal defendants in this action, suits against individual federal employees for acts in their official capacity are, *eo nomine*, suits against the United States. 28 U.S.C. § 2679(b). Thus, the difference in named individual defendants is without substance. Res judicata stands in bar to this action, and the undersigned will respectfully recommend that this action be dismissed with prejudice.

[Doc. 29 at 5].[1] The Magistrate Judge further recommended that all other motions of record be denied as moot as a matter of housekeeping. [Id.]. The Memorandum and Recommendation advised the parties that any objections to the Magistrate Judge's Recommendation must be filed within fourteen (14) days. [Id. at 6].

On December 18, 2009, the Plaintiff filed a pleading styled "Motion for Reconsideration Strike Response By Defendant," in which the Plaintiff asserts that the Court erred in dismissing this action with prejudice. [Doc.

---

[1] The Magistrate Judge further concluded that the Defendants had shown accord and satisfication, as the Plaintiff through the trust had settled all claims related to his termination, and also had shown that the Plaintiff had failed to effect proper service over the Defendants. [Doc. 29 at 4 n.3].

36]. The Court will construe this pleading as setting forth the Plaintiff's objections to the Magistrate Judge's Recommendation.

## II. STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## III. ANALYSIS

The Plaintiff objects to the Magistrate Judge's recommendation of dismissal on the grounds of *res judicata*, arguing that the claims asserted in

his Complaint relate to allegations of fraud and not to employment issues. A careful review of the Plaintiff's Complaint reveals, however, that the Plaintiff's present allegations relate to actions taken during the investigation and administrative adjudication of his employment claims. [See Doc. 1 at 2-4]. As the Fourth Circuit has explained, the doctrine of *res judicata* "asks only if a claim made in the second action involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." Harnett v. Billman, 800 F.2d 1308, 1314 (4th Cir. 1986). "Claims may arise out of the same transaction or series of transactions even if they involve different harms or different theories or measures of relief." Id. The Plaintiff's present claims, including his claims of fraud, clearly arise out of the same transaction or series of transactions that gave rise to the claims of wrongful termination, harassment, and retaliation asserted in his first civil action. As such, the Magistrate Judge correctly concluded that the Plaintiff's present claims are barred by the doctrine of *res judicata*.

Having determined that the Plaintiff's action is barred by *res judicata*, the Court need not reach the other objections asserted by the Plaintiff.

Nevertheless, the Court has reviewed the remainder of the Plaintiff's objections and finds them to be frivolous and wholly without merit.

Having determined that the Plaintiff's Complaint should be dismissed with prejudice, the Court hereby admonishes the Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. That rule provides, in pertinent part, that by presenting a pleading to the Court, an unrepresented party is certifying that such pleading is well-grounded in fact and warranted by existing law, and that it is not being presented for any improper purpose, such as harassment or delay. Fed. R. Civ. P. 11(b). **The Plaintiff is hereby warned that any future filings in this Court which are found, after notice and an opportunity to be heard, to violate Rule 11(b) may result in the imposition of sanctions.** See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 819 (4th Cir. 2004). Such sanctions may include directives of a non-monetary nature, an order to pay a penalty into court, an order directing payment to the defendants of reasonable attorneys' fees incurred as a direct result of any such violation, and/or the imposition of a pre-filing injunction to prohibit any future filings in the United States District Court for the Western District of North Carolina based on the facts and circumstances involved in this litigation.

## IV. CONCLUSION

After a careful review of the Magistrate Judge's Recommendation, the Court finds that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation [Doc. 29] that the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 16] be allowed; that this action be dismissed with prejudice as barred by the doctrine of *res judicata*; and that all other motions of record by denied as moot as a matter of housekeeping.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion for Reconsideration" [Doc. 36] is **DENIED**; the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Doc. 16] is **ALLOWED**; and this action is **DISMISSED WITH PREJUDICE** as barred by the doctrine of *res judicata*.

**IT IS FURTHER ORDERED** that all other motions of record [Docs. 18, 19, 20, 21, 32, 33, 34, 35, 41] are hereby **DENIED AS MOOT** as a matter of housekeeping.

**IT IS SO ORDERED.**

Signed: June 3, 2010

Martin Reidinger
United States District Judge